CLOSED,CONFLICT_STMT

# U.S. District Court
## Alabama Middle District (Montgomery)
## CIVIL DOCKET FOR CASE #: 2:14−cv−00895−WKW−TFM
### *Internal Use Only*

Alsip v. Wal−Mart Stores East, LP et al
Assigned to: Chief Judge William Keith Watkins
Referred to: Honorable Judge Terry F. Moorer
Cause: 28:1332 Diversity−Personal Injury

Date Filed: 08/26/2014
Date Terminated: 10/10/2014
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Emma Alsip**       represented by    **Michael J. Crow**
Beasley Allen Crow Methvin Portis
&Miles PC
PO Box 4160
Montgomery, AL 36103−4160
334−269−2343
Fax: 334−954−7555
Email: mike.crow@beasleyallen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wal−Mart Stores East, LP**       represented by    **Chad Christopher Marchand**
DeLashmet &Marchand, P.C.
PO Box 2047
Mobile, AL 36652
251−433−1577
Fax: 251−433−1578
Email: ccm@delmar−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wilbur Pemble DeLashmet**
DeLashmet &Marchand, P.C.
PO Box 2047
Mobile, AL 36652
251−433−1577
Fax: 251−433−1578
Email: wpd@delmar−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aubrey Patrick Dungan**
DeLashmet &Marchand, P.C.

462 Dauphin Street
Mobile, AL 36695
251–433–1577
Fax: 251–433–1578
Email: apd@delmar–law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| **Wal–Mart Real Estate Business Trust** | represented by | **Chad Christopher Marchand** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wilbur Pemble DeLashmet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aubrey Patrick Dungan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/26/2014 | 1 | 4 | COMPLAINT against Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP ( Filing fee $ 400.00 receipt number 4602033402.), filed by Emma Alsip. (Attachments: # 1 fee receipt)(djy, ) (Entered: 08/29/2014) |
| 08/26/2014 | 2 | 9 | Corporate/Conflict Disclosure Statement by Emma Alsip. (djy, ) (Entered: 08/29/2014) |
| 08/26/2014 | | 49 | DEMAND for Trial by Jury by Emma Alsip. (NO PDF Document attached to this notice–See Docket Entry 1 ). (djy, ) (Entered: 10/10/2014) |
| 08/29/2014 | | 11 | NOTICE of Assignment to Magistrate Judge mailed to counsel for plaintiff Emma Alsip (NO PDF document attached to this notice). (djy, ) (Entered: 08/29/2014) |
| 08/29/2014 | 3 | 12 | Summons Issued as to Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP and mailed CMRRR with copy of complaint to defendants. (djy, ) (Entered: 08/29/2014) |
| 09/03/2014 | 4 | 16 | Return Receipt Card showing service of summons and complaint signed by Laura Payne for Wal–Mart Stores East, LP served on 9/2/2014, answer due 9/23/2014. (djy, ) (Entered: 09/03/2014) |
| 09/03/2014 | 5 | 17 | Return Receipt Card showing service of summons and complaint signed by Laura Payne for Wal–Mart Real Estate Business Trust served on 9/2/2014, answer due 9/23/2014. (djy, ) (Entered: 09/03/2014) |
| 09/03/2014 | 6 | 18 | Case reassigned to Chief Judge William Keith Watkins and Honorable Judge Terry F. Moorer. Honorable Judge Terry F. Moorer no longer assigned to the case as presiding judge. (djy, ) (Entered: 09/03/2014) |

| 09/23/2014 | 7 | 19 | MOTION to Change Venue by Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP. (Attachments: # 1 Exhibit A – Affidavits)(Marchand, Chad) (Entered: 09/23/2014) |
|---|---|---|---|
| 09/23/2014 | 8 | 33 | Corporate/Conflict Disclosure Statement by Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP. (Marchand, Chad) (Entered: 09/23/2014) |
| 09/24/2014 | 9 | 36 | BRIEFING ORDER directing that the 7 MOTION to Transfer be submitted without oral argument on 10/22/2014; further ORDERING that plf file a Response, which shall include a brief on or before 10/15/2014; the defendants may file a Reply Brief on or before 10/22/2014, as further set out in order; ORDER for all future motions to remand, motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, and Daubert motions setting briefing schedule, as further set out in order. Signed by Chief Judge William Keith Watkins on 9/24/14. (djy, ) (Entered: 09/24/2014) |
| 09/29/2014 | 10 | 39 | RESPONSE to Motion re 7 MOTION to Change Venue filed by Emma Alsip. (Crow, Michael) (Entered: 09/29/2014) |
| 10/08/2014 | 11 | 41 | ANSWER to Complaint with Jury Demand by Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP.(Dungan, Aubrey) (Entered: 10/08/2014) |
| 10/08/2014 |  | 50 | DEMAND for Trial by Jury by Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP. (NO PDF Document attached to this notice–See Docket entry 11 ). (djy, ) (Entered: 10/10/2014) |
| 10/08/2014 |  | 51 | ***Attorney Wilbur Pemble DeLashmet for Wal–Mart Real Estate Business Trust, and Wal–Mart Stores East, LP added pursuant to 11 answer (NO PDF Document attached to this notice). (djy, ) (Entered: 10/10/2014) |
| 10/10/2014 | 12 | 52 | ORDER GRANTING defendants' 7 MOTION to Transfer Venue pursuant to 1404(a); TRANSFERRING this action to the USDC for the Southern District of Alabama; directing the clerk to take the necessary steps to effect the transfer. Signed by Chief Judge William Keith Watkins on 10/10/14. (djy, ) (Entered: 10/10/2014) |
| 10/10/2014 |  | 54 | Case transferred to Southern District of Alabama. Certified copy of docket sheet and transfer order with all PDF document contained in docket sent via electronic notification to Clerk USDC, SD AL (NO PDF document attached to this notice). (djy, ) (Entered: 10/10/2014) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

RECEIVED

EMMA ALSIP,

    Plaintiff,

2014 AUG 26  A 10: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
v.                MIDDLE DISTRICT ALA.      **CIVIL ACTION NO.: 2.14-CV-895**

WAL-MART STORES EAST, LP.;      **JURY DEMAND**
and WAL-MART REAL ESTATE
BUSINESS TRUST,

Defendants.

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

## STATEMENT OF THE PARTIES

1.    Plaintiff Emma Alsip is over the age of nineteen years and a citizen of New Castle, Indiana.

2.    Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Wal-Mart") is a foreign limited partnership with its principal place of business in Bentonville, Arkansas and is a citizen of Arkansas.

3.    Defendant Wal-Mart Real Estate Business Trust (hereinafter referred to as "Wal-Mart Trust") is a foreign corporation which has its principal place of business in Bentonville, Arkansas and is a citizen of Arkansas.

4.    This Court has jurisdiction and venue pursuant to 28 U.S.C. 132 and 28 U.S.C. 1391(a).

## STATEMENT OF THE FACTS

5. On April 23, 2013, Plaintiff Emma Alsip was a business invitee on the premises of Defendants' premises located at 2200 South McKenzie Street, Foley, Alabama.

6. Defendant Wal-Mart Trust pays the property taxes for the property located at 2200 South McKenzie Street, Foley, Alabama.

7. On April 22, 2013, Emma Alsip and her daughter Pam Marcum arrived in Foley, Alabama from New Castle, Indiana for an extended stay to visit friends.

8. On April 23, 2013, after eating lunch with her daughter and friends at the Cracker Barrel restaurant, Mrs. Alsip, her daughter and friend, left and drove to the Wal-Mart Super Store in Foley, Alabama to purchase some allergy medication.

9. It was raining as Mrs. Alsip's daughter drove the car up to the entrance to the Wal-Mart store.

10. Mrs. Alsip's daughter stopped the car on the faded yellow diagonal stripped crosswalk.

11. As Mrs. Alsip exited the car, she slipped on the slick yellow painted stripe and fractured her right hip.

## COUNT I

12. Plaintiff realleges paragraphs 1 through 11 of the Complaint as if set out here in full.

5

13.     On April 23, 2013,, Defendants negligently and/or wantonly maintained the painted crosswalks from the parking lot to the front doors so that it was not reasonably safe for business invitees, including Plaintiff, to walk upon.

14.     The painted area which Plaintiff slipped and fell on had not been painted recently, or contained an anti-slip substance in the paint.

15.     As a proximate consequence of the Defendant's negligent or wanton conduct, Plaintiff Alsip was caused to suffer the following injuries and damages: she severely injured her hip and other parts of her body; she suffered great physical pain and mental anguish and will continue to do so in the future; her ability to move and to continue her normal activities was impaired and will be impaired in the future; she has been caused to suffer mental anguish and will continue to do so in the future; she suffered permanent injury; and she was otherwise injured and damaged.

WHEREFORE, Plaintiff Alsip demands judgment against Defendants in an amount that will totally compensate her for her injuries and damages, a separate amount in punitive damages, and her costs of this action.

## COUNT II

16.     Plaintiff realleges paragraphs 1 through 15 of the Complaint as if set out here in full.

17.     Defendants knew, or should have known, or created the hazard, to wit: they failed to maintain, paint with an abrasive substance in the paint to prevent slippery area where the Defendants encourage patrons to walk when coming in to the store from the parking lot.

18.    Defendant negligently or wantonly failed to warn the Plaintiff of the dangerous condition.

19.    As a proximate consequence of said failure to warn, Plaintiff was injured and damaged as set forth in paragraph 15 above.

WHEREFORE, Plaintiff Alsip demands judgment against Defendants in an amount that will totally compensate her for her injuries and damages, a separate amount in punitive damages, and her costs of this action.


_____
MICHAEL J. CROW
Attorney for Plaintiff


OF COUNSEL:

BEASLEY, WILSON, ALLEN,
CROW & METHVIN, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
mike.crow@beasleyallen.com

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602033402
Cashier ID: kruffin
Transaction Date: 08/26/2014
Payer Name: BEASLEY ALLEN CROW METHVIN

CIVIL FILING FEE
 For: BEASLEY ALLEN CROW METHVIN
 Case/Party: D-ALM-2-14-CV-000895-001
 Amount:        $400.00
-----------------------------------
CHECK
 Check/Money Order Num: 241016
 Amt Tendered:  $400.00
-----------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00

2:14-cv-00895-TFM

Alsip v. Wal-Mart Stores East, LP
et al
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DISVISION**

EMMA ALSIP,

     Plaintiff,

v.

WAL-MART STORES EAST, LP.;
and WAL-MART REAL ESTATE
BUSINESS TRUST,

Defendants.

RECEIVED

2014 AUG 26 A 10: 33

DEBRA P. HACKETT.CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NO.: 2:14-CV-895

JURY DEMAND

## CORPORATE DISCLOSURE STATEMENT

COMES NOW the Plaintiff Emma Alsip, in the above-captioned matter, and in accordance with the Order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and manager, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

  _X__ The party is an individual, or

  _____ This party is a governmental entity, or

  _____ There are no entities to be reported, or

  _____ The following entities and their relationship to the party are hereby reported:

Reportable Entity

                      Relationship to Party

Michael Crow

MICHAEL J. CROW
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, WILSON, ALLEN,
CROW & METHVIN, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
mike.crow@beasleyallen.com

```
MIME-Version:1.0
From:efile_notice@almd.uscourts.gov
To:almd_mailout@almd.uscourts.gov
Bcc:
--Case Participants: Michael J. Crow (angela.talley@beasleyallen.com,
judy.valenzuela@beasleyallen.com, mike.crow@beasleyallen.com), Honorable Judge Terry F.
Moorer (efile_moorer@almd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:2130092@almd.uscourts.gov
Subject:Activity in Case 2:14-cv-00895-TFM Alsip v. Wal-Mart Stores East, LP et al Notice
of Assignment to Magistrate Judge
```
Content–Type: text/html

## U.S. District Court

## Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 8/29/2014 at 10:20 AM CDT and filed on 8/29/2014

| | |
|---|---|
| **Case Name:** | Alsip v. Wal–Mart Stores East, LP et al |
| **Case Number:** | 2:14–cv–00895–TFM |
| **Filer:** | Emma Alsip |
| **Document Number:** | No document attached |

**Docket Text:**
 NOTICE of Assignment to Magistrate Judge mailed to counsel for plaintiff Emma Alsip (NO PDF document attached to this notice). (djy, )

**2:14–cv–00895–TFM Notice has been electronically mailed to:**

Michael J. Crow   mike.crow@beasleyallen.com, angela.talley@beasleyallen.com, judy.valenzuela@beasleyallen.com

**2:14–cv–00895–TFM Notice has been delivered by other means to:**

MD AL MODIFIED AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

| | | |
|---|---|---|
| Emma Alsip | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:14-CV-895TFM |
| Wal-Mart Stores East, LP; Wal-Mart Real Estate | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Wal-Mart Real Estate Business Trust
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.P. 12 (a)(2) or (3) — or 90 days in a Social Security action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, PC;
PO Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DEBRA P. HACKETT, CLERK OF COURT*

Date: 8/29/14

*Signature of Clerk or Deputy Clerk*

MD AL MODIFIED AO 440 (Rev. 02/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

                                                                                          .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                                          _____
                                                          *Server's signature*

                                          _____
                                                          *Printed name and title*

                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

MD AL MODIFIED AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Alabama

| | |
|---|---|
| Emma Alsip | ) |
| *Plaintiff* | ) |
| v. | ) |
| Wal-Mart Stores East, LP; Wal-Mart Real Estate | ) |
| *Defendant* | ) |

Civil Action No. 2:14-cv- 895-TFM

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.P. 12 (a)(2) or (3) — or 90 days in a Social Security action — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael J. Crow
Beasley, Allen, Crow, Methvin, Portis & Miles, PC;
PO Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DEBRA P. HACKETT, CLERK OF COURT*

Date: 8/29/14

_____
*Signature of Clerk or Deputy Clerk*

14

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

14 cv 895 S+C

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7014 0150 0000 1596 3129

July 2013   Domestic Return Receipt

16

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Wal-Mart Real Estate Business Trust
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

14cv895 STC

☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 0150 0000 1596 3136

PS Form 3811, July 2013          Domestic Return Receipt

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

September 3, 2014

NOTICE OF REASSIGNMENT

To:   All Counsel of Record

Re:    Alsip v. Wal-Mart Stores East, LP et al
       Civil Action No.   2:14-cv-00895-TFM

The above-styled case has been  reassigned to Judge W. Keith Watkins.

Please note that the case number is now    2:14-cv-00895-WKW.

This new case number should be used on all future correspondence and pleadings in this action.

18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

EMMA ALSIP,                        *
                                   *
          Plaintiff,               *
                                   *
vs.                                *        CASE NO. 2:14-CV-00895-WKW
                                   *
WAL-MART STORES EAST, LP, et       *
al.,                               *
                                   *
          Defendants.              *

## MOTION TO TRANSFER VENUE

Defendants WAL-MART STORES EAST, LP and WAL-MART REAL ESTATE BUSINESS TRUST, an improperly named party to this action, (collectively "Wal-Mart") move this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C §1404(a) to transfer this matter to the United States District Court for the Southern District of Alabama, Southern Division. In support thereof, Wal-Mart offers the following motion and incorporated brief, to-wit:

## SUMMARY

This forum is not connected in any manner with the parties or the subject matter of this lawsuit. In fact, none of the conduct giving rise to Plaintiff's Complaint took place in the Middle District of Alabama nor are any of the witnesses, documents, or any other evidence known at this time located here. Instead, this matter arises out of a slip-and-fall that occurred in the parking lot of a Foley, Baldwin County, Alabama Wal-Mart store from which Plaintiff claims that Wal-Mart "negligently and/or wantonly maintained the painted cross walks from the parking lot to the front doors" and "failed to maintain, paint with an abrasive substance in the paint to prevent slippery

area where the Defendants encourage patrons to walk when coming in to the store from the parking lot." (Compl., ¶¶ 13 & 17.) Accordingly, the actions and challenged practices giving rise to this matter occurred in and on property that is situated in the City of Foley, Baldwin County, Alabama, which is within the jurisdictional and geographic boundaries of the Southern District of Alabama, Southern Division. Additionally, the greater number of witnesses who may be called to testify at any hearing in this matter are located in the Southern District of Alabama, and would be within a short distance of the United States District Court in Mobile, Alabama. Therefore, to promote the convenience of the parties and witnesses and in the interest of justice, this action should be transferred to the United States District Court for the Southern District of Alabama, Southern Division, where it could have originally been brought. *See* 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

Plaintiff, who is a resident citizen of New Castle, Indiana, was in Foley, Alabama with her daughter "for an extended stay to visit friends." (Compl., Doc. 1, ¶¶ 1 & 7.) She claims that on April 23, 2013, her daughter and friends[1] went to the Foley Wal-Mart store to purchase allergy medicine. (*Id*. at ¶ 8.) Because it was raining, Plaintiff's daughter drove her vehicle to the front entrance of the Foley store to drop Plaintiff off rather than pulling into a parking space and the two of them walk into the store. (*Id*. at ¶ 9.) As Plaintiff attempted to exit the vehicle, she slipped, fell, and fractured her right hip.[2] (*Id*. at ¶ 11.)

---

[1]   Upon information and belief, Plaintiff's "friends" consisted of two female companions. Wal-Mart, however, is unaware of the names or the residency of the "friends." Thus, if necessary, Wal-Mart requests leave of Court to conduct discovery regarding the residency of other potential witnesses for purposes of further supporting this Motion to Transfer Venue.

[2]   Upon information and belief, Plaintiff was subsequently taken to the hospital where her physicians diagnosed her with a fractured hip, admitted her to the hospital, and performed surgery. While Defendants do not know to which hospital Plaintiff was admitted, the location where Plaintiff's surgery was performed, or the names or

2

Gail Emily, Naomi Wolfe, and Louie McCraney, all employees of the Foley Wal-Mart store, participated in the investigation and have knowledge of the facts and circumstances surrounding the investigation of Plaintiff's alleged incident. (Affidavits of Gail Emily, Naomi Wolfe, and Louie McCraney, attached as Exhibit "A".) Ms. Emily and Ms. Wolfe reported to the parking lot following Plaintiff's fall and Mr. McCraney secured the surveillance video showing Plaintiff's incident from the Wal-Mart video surveillance system. (Ex. A.) Each of these witnesses resides, is employed, and/or conducts business within 100 miles of the United States District Court for the Southern District of Alabama. (Ex. A.)

On August 26, 2014, Plaintiff filed this action in the United States District Court for the Middle District of Alabama, Northern Division, seeking compensatory and punitive damages for alleged negligence and wantonness against Wal-Mart, an Arkansas citizen with its principal place of business in Bentonville, Arkansas. (Id. at ¶¶ 2, 3, 12-19.) Plaintiff alleges that Wal-Mart "negligently and/or wantonly maintained the painted crosswalks from the parking lot to the front doors" of its store and that the painted area "had not been painted recently, or contained an anti-slip substance in the paint." (Id. at ¶¶ 13 & 14.)

JURISDICTION AND VENUE

Plaintiff alleges and Wal-Mart concedes that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 inasmuch as the parties are completely diverse and the amount in controversy presumably exceeds $75,000. (Doc. 1, ¶ 4.)

Plaintiff alleges and Wal-Mart concedes that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1391(a) &

residency of any of the physicians that treated Plaintiff's injuries, it is safe to presume, based upon the location of Plaintiff's accident, that the hospital, surgery center, and the relevant physicians are all located in, employed in, or are residents of Baldwin County, Alabama. Ostensibly, if this presumption is incorrect, Plaintiff will correct the error and provide the Court with the proper information.

(b). Specifically, 28 U.S.C. § 1391(b)(1) permits a civil action to be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," and 28 U.S.C. § 1391(c)(2) defines the residency of an entity as that "judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Because Wal-Mart is subject to personal jurisdiction in the Middle District of Alabama and, therefore, is a resident of such district, venue is proper in this district and division.

Venue, however, is also proper, and this matter could have originally been brought in, the Southern District of Alabama, Southern Division. According to 28 U.S.C. § 1391(b)(2), a civil action may also be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Because the entire incident giving rise to Plaintiff's claim occurred in and on the property located in Foley, Baldwin County, Alabama, which is located within the Southern District of Alabama, Southern Division, venue is proper there, too.

ARGUMENT

Pursuant to 28 U.S.C § 1404(a), a district court is authorized to transfer a civil action to any other district in which it may have been originally brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." When faced with a motion seeking such relief, the court must undertake "an individualized case-by-case consideration of convenience and fairness." *Hutchens v. Bill Heard Chevrolet Co.,* 928 F. Supp. 1089, 1090 (M.D. Ala. 1996)(quoting *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S. Ct. 2239, 2243, 101 L. Ed. 2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S. Ct. 805, 812, 11 L. Ed. 2d 945 (1964)). "[T]he court must decide whether the balance of convenience

4

favors transfer." *Johnston v. Foster-Wheeler Constructors, Inc.,* 158 F.R.D. 496, 504 (M.D. Ala. 1997).

Transfer is appropriate to "the forum in which judicial resources could most efficiently be utilized and the place in which the trial would be most 'easy, expeditious and inexpensive.'" *Folkes v. Haley,* 64 F. Supp. 2d 1152, 1154-55 (M.D. Ala. 1999)(quoting *Hutchens*, 928 F. Supp. at 1090 (quoting *Howell v. Tanner,* 650 F.2d 610, 616 (5th Cir. 1981)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)), cert. denied, 456 U.S. 918, 102 S. Ct. 1775, 72 L. Ed. 2d 178 (1982))). In making this determination, courts generally assess the following factors:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious, and inexpensive . . ..

*Folkes,* 64 F. Supp. 2d at 1155 (quoting *Gilbert*, 330 U.S. at 508, 67 S. Ct. 839). "'[W]here the operative facts underlying the cause of action transpired'" may also be considered by the court. *Folkes,* 64 F. Supp. 2d at 1155 (quoting *Johnston,* 158 F.R.D. at 504). However, "[w]here none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action." *Johnston.,* 158 F.R.D. at 505. In fact,

> where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Hutchens,* 928 F. Supp. at 1091 (quoting *Prather v. Raymond Constr. Co.,* 570 F. Supp. 278, 284 (N.D. Ga. 1983) (quoting *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761, 763 (D. Del. 1975))).

In applying the law to the facts and allegations in the instant case, this matter is due to be transferred to the Southern District of Alabama, Southern Division, for "the convenience of the parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). First, Plaintiff's choice of forum bears no weight in this decision because there is absolutely no connection between this case and the Middle District of Alabama other than Plaintiff Counsel's office is located in the district. This action did not arise in the Middle District of Alabama, the actions about which Plaintiff complains did not occur there, the subject property is not located there, the factual witnesses do not reside there, and none of the documents or proof can be found there. Rather, the challenged practices of Wal-Mart and the incident giving rise to this lawsuit all occurred in the Southern District of Alabama. Similarly, and importantly, the very property, i.e. the store parking lot, that is the subject of this lawsuit is located within the Southern District of Alabama.

Second, the great majority of witnesses, which includes the three Wal-Mart employees and potentially Plaintiff's treating physicians and medical records custodians, are all likely to be located in the Southern District of Alabama. (Exs. A & B.) Consequently, these witnesses will be within the 100 mile radius of their employment or residence such that a subpoena under Federal Rule of Civil Procedure 45 to compel these witnesses' attendance at a hearing or trial can be accomplished with relative ease and at a lower cost. As for those witnesses who are not located within the Southern District of Alabama, such as Plaintiff and her daughter and maybe even Plaintiff's friends, there is no evidence that they are within the jurisdictional reach of the Middle District either such that a transfer to the Southern District would be any more inconvenient for purposes of compelling testimony; moreover, they can just as easily travel to the Southern District of Alabama as they could to the Middle District.

Finally, adjudication of this case in the Southern District of Alabama is more conducive to ease of access to sources of proof. The store that is the subject of this action is located there, the investigative documents and video surveillance system that captured the incident is located there, and, of course, the subject parking lot where the incident occurred is located there. Accordingly, the transfer of this case to the Southern District of Alabama "will promote the most efficient, expeditious, and inexpensive utilization of judicial resources." *Folkes,* 64 F. Supp. 2d at 1155.

WHEREFORE Defendants WAL-MART STORES EAST, LP and WAL-MART REAL ESTATE BUSINESS TRUST move this Honorable Court to issue an Order pursuant to 28 U.S.C §1404(a) transferring this matter to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted,


*/s/Chad C. Marchand*
W. PEMBLE DELASHMET DEL010
wpd@delmar-law.com
CHAD C. MARCHAND MAR136
ccm@delmar-law.com
A. PATRICK DUNGAN DUN054
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the EM/ECF court system upon counsel listed below on this the 23rd day of September, 2014.

Michael J. Crow
Beasley, Wilson, Allen, Crow, & Methvin, P.C.
Post Office Box 4160
Montgomery, Alabama  36103-4160
mike.crow@beasleyallen.com

*/s/Chad C. Marchand*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

EMMA ALSIP,

        Plaintiff,

vs.                       CASE NO. 2:14-CV-00895-WKW

WAL-MART STORES EAST, L.P.,

        Defendant.

## AFFIDAVIT OF GAIL EMILY

STATE OF ALABAMA

COUNTY OF BALDWIN

Before me, the undersigned authority in and for said county, in said state, on this day personally appeared Gail Emily, who, being first duly sworn, deposes and says the follows:

1.     My name is Gail Emily. I am above the age of majority and have personal knowledge of the testimony given herein this affidavit.

2.     I reside at ▮▮▮▮▮▮▮▮ in Foley, Baldwin County, Alabama.

3.     I was at all times relevant to Plaintiff's Complaint and am currently employed with Wal-Mart Store # 904 located at 2200 S. McKenzie Street, Foley, Baldwin County, Alabama 36535.

4.     I participated in the investigation and have knowledge of the facts and circumstances surrounding the investigation of the alleged incident of April 23, 2013, involving Emma Alsip at Store # 904.

1

Further Affiant sayeth not.

GAIL EMILY

Subscribed and sworn to before me this 23 day of September, 2014.

NOTARY PUBLIC

(SEAL)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

EMMA ALSIP.                          *
                                     *
                                     *
      Plaintiff,                     *
                                     *
vs.                                  *      CASE NO. 2:14-CV-00895-WKW
                                     *
WAL-MART STORES EAST, L.P.,          *
                                     *
      Defendant.                     *

AFFIDAVIT OF NAOMI WOLFE

STATE OF ALABAMA

COUNTY OF BALDWIN

Before me, the undersigned authority in and for said county, in said state, on this day personally appeared Naomi Wolfe, who, being first duly sworn, deposes and says the follows:

1.    My name is Naomi Wolfe.  I am above the age of majority and have personal knowledge of the testimony given herein this affidavit.

2.    I reside at ███████████ in Pensacola, Escambia County, Florida.

3.    I was at all times relevant to Plaintiff's Complaint and am currently employed with Wal-Mart Store # 904 located at 2200 S. McKenzie Street, Foley, Baldwin County, Alabama 36535.

4.    I participated in the investigation and have knowledge of the facts and circumstances surrounding the investigation of the alleged incident of April 23, 2013, involving Emma Alsip at Store # 904.

1

Further Affiant sayeth not.

_Naomi Wolfe_

NAOMI WOLFE

Subscribed and sworn to before me this 23 day of September, 2014.

_Joan R. Brown_

NOTARY PUBLIC

(SEAL)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EMMA ALSIP,                          *
                                     *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *        CASE NO. 2:14-CV-00895-WKW
                                     *
WAL-MART STORES EAST, L.P., et al.,  *
                                     *
        Defendant.                   *

<u>AFFIDAVIT OF LOUIE McCRANEY</u>

STATE OF ALABAMA

COUNTY OF BALDWIN

Before me, the undersigned authority in and for said county, in said state, on this day personally appeared Louie McCraney, who, being first duly sworn, deposes and says the follows:

1.      My name is Louie McCraney. I am above the age of majority and have personal knowledge of the testimony given herein this affidavit.

2.      I reside in the City of Foley, Baldwin County, Alabama.

3.      I was at all times relevant to Plaintiff's Complaint employed with Wal-Mart Store # 904 located at 2200 S. McKenzie Street, Foley, Baldwin County, Alabama 36535. I am currently employed with Wal-Mart in Daphne, Baldwin County, Alabama,

4.      I participated in the investigation and have knowledge of the facts and circumstances surrounding the investigation of the alleged incident of April 23, 2013, involving Emma Alsip at Store # 904,

5.      I secured the surveillance video showing Plaintiff's incident from the Wal-Mart video surveillance system,

Further Affiant sayeth not.

_____
LOUIE McCRANEY

Subscribed and sworn to before me this 23rd day of September, 2014.

_____
NOTARY PUBLIC

(SEAL)

My Commission Expires 05/10/2016

2

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| EMMA ALSIP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:14-CV-00895-WKW |
| | * | |
| WAL-MART STORES EAST, LP, et al, | * | |
| | * | |
| Defendants. | * | |

## CONFLICT DISCLOSURE STATEMENT

COMES NOW WAL-MART STORES EAST, L.P., and WAL-MART REAL ESTATE BUSINESS TRUST, Defendants in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

☐ This party is an individual, or

☐ This party is a governmental entity, or

☐ There are no entities to be reported, or

☑ The following entities and their relationship to the party are hereby reported:

### WAL-MART STORES EAST, LP

| Reportable Entity: | Relationship to Party: |
|---|---|
| WSE Management, LLC | General Partner |
| WSE Investment, LLC | Limited Partner |

| | |
|---|---|
| Wal-Mart Stores East, LLC | Parent Company of WSE Management, LLC & WSE Investment, LLC |
| Wal-Mart Stores, Inc. | Parent Company of Wal-Mart Stores, East, LLC |

### WAL-MART REAL ESTATE BUSINESS TRUST

| Reportable Entity: | Relationship to Party: |
|---|---|
| Wal-Mart Property Company | Parent Company |
| Wal-Mart Stores East, LP | Parent Company of Wal-Mart Property Company |

Date: September 23, 2014

/s/Chad C. Marchand
W. PEMBLE DELASHMET DEL010
wpd@delmar-law.com
CHAD C. MARCHAND MAR136
ccm@delmar-law.com
A. PATRICK DUNGAN DUN054
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

2

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the CM/ECF court system on this the 23rd day of September, 2014.

Michael J. Crow
Beasley, Wilson, Allen, Crow, & Methvin, P.C.
Post Office Box 4160
Montgomery, Alabama  36103-4160
mike.crow@beasleyallen.com


                                    */s/Chad C. Marchand*
                                    OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EMMA ALSIP,                          )
                                     )
            Plaintiff,               )
                                     )
    v.                               )          CASE NO. 2:14-CV-895-WKW
                                     )
WAL-MART STORES EAST, LP,            )
*et al.*,                            )
                                     )
            Defendants.              )

## BRIEFING ORDER

Upon consideration of Defendants' Motion to Transfer (Doc. # 7) filed on September 23, 2014, it is ORDERED that the motion be submitted without oral argument on **October 22, 2014.**

It is further ORDERED that the plaintiff file a response, which shall include a brief, **on or before October 15, 2014**.  The defendants may file a reply brief  **on or before October 22, 2014**.

The motion shall be under submission on the due date of the reply brief.  Unless the court determines that a hearing is necessary or helpful, at which time a hearing date will be set, the court will determine the motion without oral argument upon submission.

Briefs in support of or in opposition to any motion **generally should not exceed 25 pages.**  If a brief exceeds 25 pages, counsel must include a table of contents indicating the main sections of the brief, the principal arguments and citations to authority made in each section, and the pages on which each section and any sub-sections may be found.

Additionally, for briefs exceeding 25 pages, the filing party shall submit to chambers a paper courtesy copy **bound in a three-ring binder and tabbed**.  If a brief and attachments or exhibits **together** exceed 25 pages, the filing party shall submit to chambers a paper courtesy copy bound in a three-ring binder and tabbed.

There is no requirement that courtesy copies be delivered to chambers by the due date; courtesy copies may be mailed or shipped to chambers on the day they are due.

Any discussion of evidence in a brief must include the specific reference, by name or document number and by page and line, to where the evidence can be found in the supporting evidentiary submission or in any document filed with the court.

Failure to comply strictly with this Order may result in the striking of the filing or other appropriate sanctions.  To the extent the present motion does not comply with this Order, the moving party is given 7 calendar days to correct the deficiencies.

**For all future motions to remand, motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, and *Daubert* motions filed in this case, it is ORDERED that:**

1.    The movant shall file its brief and any evidentiary submission simultaneously with the filing of the dispositive motion.

2.    The opponent's response brief and any evidentiary submission shall be due **21 days after the date the motion is filed**.

3.    The movant's reply brief, if any, shall be due **7 days after the date the response is filed**.

4.     All other general briefing instructions in this Order apply to these future

motions.

DONE this 24th day of September, 2014.

_____/s/ W.  Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DISVISION**

| | | |
|---|---|---|
| EMMA ALSIP, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | CV NO.: 2:14-cv-00895-WKW |
| | * | |
| WAL-MART STORES EAST, LP.; | * | |
| and WAL-MART REAL ESTATE | * | |
| BUSINESS TRUST, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

<u>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE**</u>

    Plaintiff Emma Alsip has no objection to the Court transferring this matter to the Southern District of Alabama.


                                           __/s/ Michael J. Crow_____
                                           MICHAEL J. CROW
                                           Attorney for Plaintiff


OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
mike.crow@beasleyallen.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this the 29th day of September, 2014, a copy of the above and foregoing pleading was served upon all parties listed in this action by placing a copy properly addressed and postage prepaid in the U.S. Mail or through the CM/ECF:

                            /s/ Michael J. Crow_____
                            OF COUNSEL

W. Pemble Delashmet
Chad C. Marchand
A. Patrick Dungan
DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-1578
wpd@delmar-law.com
ccm@delmar-law.com
apd@delmar-law.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| EMMA ALSIP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2:14-CV-00895-WKW |
| | * | |
| WAL-MART STORES EAST, LP; and | * | |
| WAL-MART REAL ESTATE | * | |
| BUSINESS TRUST, | * | |
| | * | |
| Defendants. | * | |

<u>ANSWER</u>

Defendants WAL-MART STORES EAST, LP and WAL-MART REAL ESTATE BUSINESS TRUST (hereinafter collectively referred to as "Wal-Mart"), without waiver of their previously filed objection to venue and Motion to Transfer Venue to the U.S. District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1404(a), which Defendants adopt and incorporate as if fully set forth herein (Doc. 7), answer the allegations of Plaintiff's Complaint as follows, with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

<u>STATEMENT OF THE PARTIES</u>

1.     As this paragraph is a statement of Plaintiff's residency and contains no allegations against Defendants, it requires no response from Wal-Mart.  Inasmuch as this paragraph is construed to assert any allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

2.      Wal-Mart Stores East, LP, admits that it is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

3.      Wal-Mart Real Estate Business Trust admits that it is a Delaware real estate business trust with its principal place of business in Bentonville, Arkansas. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

4.      Wal-Mart admits that the U.S. District Court for the Middle District of Alabama, Northern Division, has jurisdiction and venue; however, Wal-Mart objects to this venue and respectfully requests that this matter be transferred to the U.S. District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1404(a).

<u>STATEMENT OF THE FACTS</u>

5.      Wal-Mart admits that on or about April 22, 2013, Plaintiff was present on the premises controlled by Wal-Mart Stores East, LP, located at 2200 South McKenzie Street, Foley, Alabama.  Wal-Mart, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

6.      Admitted.

7.      Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

8.      Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

9.      Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

10. Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

11. Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

<u>COUNT I</u>

12. Wal-Mart adopts and incorporates the preceding paragraphs as if they are set forth fully herein.

13. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

14. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

15. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following paragraph 15, and demands strict proof thereof.

<u>COUNT II</u>

16. Wal-Mart adopts and incorporates the preceding paragraphs as if they are set forth fully herein.

17. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

18. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

19.    Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following paragraph 19, and demands strict proof thereof.

<u>AFFIRMATIVE DEFENSES</u>

1.    The venue in which Plaintiff's Complaint was filed is improper, or in the alternative, this matter is due to be transferred to the U.S. District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1404(a).

2.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

3.    Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

4.    The Plaintiff was guilty of negligence that contributed to cause the injuries about which she complains, and therefore under Alabama law is not entitled to recover any damages.

5.    The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

6.    Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

7.    No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

8.    Defendant owed Plaintiff no duty as alleged.

9.    Plaintiff's alleged injuries are the result of an "act of God" or natural occurrence.

10.     Plaintiff's claims are precluded because shopkeepers have no duty to keep walking surfaces completely free of rain water.

11.     Plaintiff's claims are precluded by the applicable statute of limitations.

12.     Plaintiff assumed the risk of conditions present and the dangers inherent therein.

13.     Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from Wal-Mart.

14.     Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

15.     Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

16.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

17.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

18.     Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

5

19. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

b. It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e. It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g. It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h. It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i. It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

6

j.   It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k.   It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l.   It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m.   The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n.   The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o.   The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

20.     The amount of punitive damages (if any) is a question of law, and not a fact question for the jury; accordingly plaintiff's request for a jury trial on that issue is due to be stricken or, in the alternative, the jury verdict is not entitled to any weight or deference whatsoever, pursuant to *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

21.     Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

7

**DEFENDANTS DEMAND TRIAL BY JURY**

*/s/A. Patrick Dungan*
W. PEMBLE DELASHMET DEL010
wpd@delmar-law.com
CHAD C. MARCHAND MAR136
ccm@delmar-law.com
A. PATRICK DUNGAN DUN054
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the CM/ECF Filer court system upon counsel listed below on this the 8th day of October, 2014.

Michael J. Crow
Beasley, Wilson, Allen, Crow, & Methvin, P.C.
Post Office Box 4160
Montgomery, Alabama  36103-4160
mike.crow@beasleyallen.com

*/s/A. Patrick Dungan*
OF COUNSEL

```
MIME-Version:1.0
From:efile_notice@almd.uscourts.gov
To:almd_mailout@almd.uscourts.gov
Bcc:
--Case Participants: Aubrey Patrick Dungan (apd@delmar-law.com, tet@delmar-law.com),
Michael J. Crow (angela.talley@beasleyallen.com, judy.valenzuela@beasleyallen.com,
mike.crow@beasleyallen.com), Chad Christopher Marchand (apd@delmar-law.com,
ccm@delmar-law.com, mrr@delmar-law.com, tet@delmar-law.com), Chief Judge William Keith
Watkins (efile_fuller@almd.uscourts.gov, efile_watkins@almd.uscourts.gov), Honorable Judge
Terry F. Moorer (efile_moorer@almd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:2151043@almd.uscourts.gov
Subject:Activity in Case 2:14-cv-00895-WKW-TFM Alsip v. Wal-Mart Stores East, LP et al
Jury Demand
```
Content−Type: text/html

## U.S. District Court

### Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 10/10/2014 at 8:15 AM CDT and filed on 8/26/2014

| | |
|---|---|
| **Case Name:** | Alsip v. Wal−Mart Stores East, LP et al |
| **Case Number:** | 2:14−cv−00895−WKW−TFM |
| **Filer:** | Emma Alsip |
| **Document Number:** | No document attached |

**Docket Text:**
 **DEMAND for Trial by Jury by Emma Alsip. (NO PDF Document attached to this notice−See
Docket Entry [1]). (djy, )**

**2:14−cv−00895−WKW−TFM Notice has been electronically mailed to:**

Aubrey Patrick Dungan   apd@delmar−law.com, tet@delmar−law.com

Chad Christopher Marchand   ccm@delmar−law.com, apd@delmar−law.com, mrr@delmar−law.com,
tet@delmar−law.com

Michael J. Crow   mike.crow@beasleyallen.com, angela.talley@beasleyallen.com,
judy.valenzuela@beasleyallen.com

**2:14−cv−00895−WKW−TFM Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:efile_notice@almd.uscourts.gov
To:almd_mailout@almd.uscourts.gov
Bcc:
--Case Participants: Aubrey Patrick Dungan (apd@delmar-law.com, tet@delmar-law.com),
Michael J. Crow (angela.talley@beasleyallen.com, judy.valenzuela@beasleyallen.com,
mike.crow@beasleyallen.com), Chad Christopher Marchand (apd@delmar-law.com,
ccm@delmar-law.com, mrr@delmar-law.com, tet@delmar-law.com), Chief Judge William Keith
Watkins (efile_fuller@almd.uscourts.gov, efile_watkins@almd.uscourts.gov), Honorable Judge
Terry F. Moorer (efile_moorer@almd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:2151045@almd.uscourts.gov
Subject:Activity in Case 2:14-cv-00895-WKW-TFM Alsip v. Wal-Mart Stores East, LP et al
Jury Demand
```
Content–Type: text/html

**U.S. District Court**

**Alabama Middle District**

**Notice of Electronic Filing**


The following transaction was entered on 10/10/2014 at 8:16 AM CDT and filed on 10/8/2014

| | |
|---|---|
| **Case Name:** | Alsip v. Wal–Mart Stores East, LP et al |
| **Case Number:** | 2:14–cv–00895–WKW–TFM |
| **Filer:** | Wal–Mart Real Estate Business Trust |
| | Wal–Mart Stores East, LP |
| **Document Number:** | No document attached |

**Docket Text:**
 **DEMAND for Trial by Jury by Wal–Mart Real Estate Business Trust, Wal–Mart Stores East, LP. (NO PDF Document attached to this notice–See Docket entry [11]). (djy, )**


**2:14–cv–00895–WKW–TFM Notice has been electronically mailed to:**

Aubrey Patrick Dungan   apd@delmar–law.com, tet@delmar–law.com

Chad Christopher Marchand   ccm@delmar–law.com, apd@delmar–law.com, mrr@delmar–law.com, tet@delmar–law.com

Michael J. Crow   mike.crow@beasleyallen.com, angela.talley@beasleyallen.com, judy.valenzuela@beasleyallen.com

**2:14–cv–00895–WKW–TFM Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:efile_notice@almd.uscourts.gov
To:almd_mailout@almd.uscourts.gov
Bcc:
--Case Participants: Michael J. Crow (angela.talley@beasleyallen.com,
judy.valenzuela@beasleyallen.com, mike.crow@beasleyallen.com), Wilbur Pemble DeLashmet
(amc@delmar-law.com, wpd@delmar-law.com), Aubrey Patrick Dungan (apd@delmar-law.com,
tet@delmar-law.com), Chad Christopher Marchand (apd@delmar-law.com, ccm@delmar-law.com,
mrr@delmar-law.com, tet@delmar-law.com), Honorable Judge Terry F. Moorer
(efile_moorer@almd.uscourts.gov), Chief Judge William Keith Watkins
(efile_fuller@almd.uscourts.gov, efile_watkins@almd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:2151047@almd.uscourts.gov
Subject:Activity in Case 2:14-cv-00895-WKW-TFM Alsip v. Wal-Mart Stores East, LP et al Add
and Terminate Attorneys
```
Content–Type: text/html

## U.S. District Court

## Alabama Middle District

**Notice of Electronic Filing**

The following transaction was entered on 10/10/2014 at 8:17 AM CDT and filed on 10/8/2014

| | |
|---|---|
| **Case Name:** | Alsip v. Wal–Mart Stores East, LP et al |
| **Case Number:** | 2:14–cv–00895–WKW–TFM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **\*\*\*Attorney Wilbur Pemble DeLashmet for Wal–Mart Real Estate Business Trust, and Wal–Mart Stores East, LP added pursuant to [11] answer (NO PDF Document attached to this notice). (djy, )**

**2:14–cv–00895–WKW–TFM Notice has been electronically mailed to:**

Aubrey Patrick Dungan   apd@delmar–law.com, tet@delmar–law.com

Chad Christopher Marchand   ccm@delmar–law.com, apd@delmar–law.com, mrr@delmar–law.com, tet@delmar–law.com

Michael J. Crow   mike.crow@beasleyallen.com, angela.talley@beasleyallen.com, judy.valenzuela@beasleyallen.com

Wilbur Pemble DeLashmet   wpd@delmar–law.com, amc@delmar–law.com

**2:14–cv–00895–WKW–TFM Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMMA ALSIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-895-WKW |
| | ) | [WO] |
| WAL-MART STORES EAST, LP, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff brings this slip-and-fall action under diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Before the court is Defendants' Motion to Transfer Venue. (Doc. # 7.) Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a), Defendants move the court to transfer this action to the United States District Court for the Southern District of Alabama. In response, Plaintiff "has no objection to the Court transferring this matter to the Southern District of Alabama." (Doc. # 10.)

Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." § 1404(a). Venue is proper here, *see* 28 U.S.C. § 1391(b)(1), but it also is proper in the Southern District of Alabama where

Plaintiff suffered injuries when she slipped and fell on the crosswalk at a Wal-Mart store in Foley, Alabama, *see* § 1391(b)(2).  After careful consideration, the court finds that the balance of convenience and the interest of justice weigh in favor of a transfer to the Southern District of Alabama.  Moreover, all parties have consented to a transfer to the Southern District of Alabama.

Accordingly, it is ORDERED that Defendants' Motion to Transfer Venue (Doc. # 7) is GRANTED pursuant to § 1404(a) and that this action is TRANSFERRED to the United States District Court for the Southern District of Alabama.

The Clerk of the Court is DIRECTED to take the necessary steps to effect the transfer.

DONE this 10th day of October, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

```
MIME-Version:1.0
From:efile_notice@almd.uscourts.gov
To:almd_mailout@almd.uscourts.gov
Bcc:
--Case Participants: Aubrey Patrick Dungan (apd@delmar-law.com, tet@delmar-law.com),
Wilbur Pemble DeLashmet (amc@delmar-law.com, wpd@delmar-law.com), Michael J. Crow
(angela.talley@beasleyallen.com,
mike.crow@beasleyallen.com), Chad Christopher Marchand (apd@delmar-law.com,
ccm@delmar-law.com, mrr@delmar-law.com, tet@delmar-law.com), Chief Judge William Keith
Watkins (efile_fuller@almd.uscourts.gov, efile_watkins@almd.uscourts.gov), Honorable Judge
Terry F. Moorer (efile_moorer@almd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:2151285@almd.uscourts.gov
Subject:Activity in Case 2:14-cv-00895-WKW-TFM Alsip v. Wal-Mart Stores East, LP et al
Case Transferred Out to Another District
```
Content–Type: text/html

## U.S. District Court

## Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 10/10/2014 at 11:43 AM CDT and filed on 10/10/2014

| | |
|---|---|
| **Case Name:** | Alsip v. Wal–Mart Stores East, LP et al |
| **Case Number:** | 2:14–cv–00895–WKW–TFM |
| **Filer:** | |

**WARNING: CASE CLOSED on 10/10/2014**

**Document Number:** No document attached

**Docket Text:**
**Case transferred to Southern District of Alabama. Certified copy of docket sheet and transfer order with all PDF document contained in docket sent via electronic notification to Clerk USDC, SD AL (NO PDF document attached to this notice). (djy, )**

**2:14–cv–00895–WKW–TFM Notice has been electronically mailed to:**

Aubrey Patrick Dungan   apd@delmar–law.com, tet@delmar–law.com

Chad Christopher Marchand   ccm@delmar–law.com, apd@delmar–law.com, mrr@delmar–law.com, tet@delmar–law.com

Michael J. Crow   mike.crow@beasleyallen.com, angela.talley@beasleyallen.com, judy.valenzuela@beasleyallen.com

Wilbur Pemble DeLashmet   wpd@delmar–law.com, amc@delmar–law.com

**2:14–cv–00895–WKW–TFM Notice has been delivered by other means to:**