## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DISVISION

| | |
|---|---|
| EMMA ALSIP, | |
| Plaintiff, | |
| v. | CV NO.: 14-cv-0476-CG-N |
| WAL-MART STORES EAST, LP.; and WAL-MART REAL ESTATE BUSINESS TRUST, | JURY DEMAND |
| Defendants. | |

## **AMENDED COMPLAINT**

## **STATEMENT OF THE PARTIES**

1.  Plaintiff Emma Alsip is over the age of nineteen years and a citizen of New Castle, Indiana.

2.  Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Wal-Mart") is a limited partnership. The general partner is Walmart Store East Management, LLC, a Delaware limited liability company and the limited liability partner is Walmart Store East Investment, LLC, a Delaware limited liability company and a citizen of Delaware.

3.  Defendant Wal-Mart Real Estate Business Trust (hereinafter referred to as "Wal-Mart Trust") is a Delaware based company and owned by Wal-Mart Property Company and owns 99% of the voting shares of the Wal-Mart Trust. The Wal-Mart Trust has its principal place of business in Arkansas and the one-

hundred fourteen (114) Wal-Mart executive level shareholders are citizens of Arkansas and therefore the Wal-Mart Trust is a citizen of Arkansas.

4. The amount in controversy exceeds $75,000 exclusive of fees and costs.

. 5. This Court has jurisdiction and venue pursuant to 28 U.S.C. 132 and 28 U.S. C. 1391(a).

## STATEMENT OF THE FACTS

6. On April 23, 2013, Plaintiff Emma Alsip was a business invitee on the premises of Defendants' premises located at 2200 South McKenzie Street, Foley, Alabama.

7. Defendant Wal-Mart Trust pays the property taxes for the property located at 2200 South McKenzie Street, Foley, Alabama.

8. On April 22, 2013, Emma Alsip and her daughter Pam Marcum arrived in Foley, Alabama from New Castle, Indiana for an extended stay to visit friends.

9. On April 23, 2013, after eating lunch with her daughter and friends at the Cracker Barrel restaurant, Mrs. Alsip, her daughter and friend, left and drove to the Wal-Mart Super Store in Foley, Alabama to purchase some allergy medication.

10. It was raining as Mrs. Alsip's daughter drove the car up to the entrance to the Wal-Mart store.

11. Mrs. Alsip's daughter stopped the car on the faded yellow diagonal stripped crosswalk.

12. As Mrs. Alsip exited the car, she slipped on the slick yellow painted stripe and fractured her right hip.

## COUNT I

13. Plaintiff realleges paragraphs 1 through 12 of the Complaint as if set out here in full.

14. On April 23, 2013, Defendants negligently and/or wantonly maintained the painted crosswalks from the parking lot to the front doors so that it was not reasonably safe for business invitees, including Plaintiff, to walk upon.

15. The painted area which Plaintiff slipped and fell on had not been painted recently, or contained an anti-slip substance in the paint.

16. As a proximate consequence of the Defendant's negligent or wanton conduct, Plaintiff Alsip was caused to suffer the following injuries and damages: she severely injured her hip and other parts of her body; she suffered great physical pain and mental anguish and will continue to do so in the future; her ability to move and to continue her normal activities was impaired and will be impaired in the future; she has been caused to suffer mental anguish and will continue to do so in the future; she suffered permanent injury; and she was otherwise injured and damaged.

WHEREFORE, Plaintiff Alsip demands judgment against Defendants in an amount that will totally compensate her for her injuries and damages, a separate amount in punitive damages, and her costs of this action.

## **COUNT II**

17.     Plaintiff realleges paragraphs 1 through 16 of the Complaint as if set out here in full.

18.     Defendants knew, or should have known, or created the hazard, to wit: they failed to maintain, paint with an abrasive substance in the paint to prevent slippery area where the Defendants encourage patrons to walk when coming in to the store from the parking lot.

19.     Defendant negligently or wantonly failed to warn the Plaintiff of the dangerous condition.

20.     As a proximate consequence of said failure to warn, Plaintiff was injured and damaged as set forth in paragraph 15 above.

WHEREFORE, Plaintiff Alsip demands judgment against Defendants in an amount that will totally compensate her for her injuries and damages, a separate amount in punitive damages, and her costs of this action.


　　　　　　　　　　　　　　　　　　　　/s/ Michael J. Crow
　　　　　　　　　　　　　　　　　　　　MICHAEL J. CROW


OF COUNSEL:

BEASLEY, WILSON, ALLEN,
CROW & METHVIN, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
mike.crow@beasleyallen.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 23rd day of October, 2014, a copy of the above and foregoing pleading was served upon all parties listed in this action by placing a copy properly addressed and postage prepaid in the U.S. Mail or through the CM/ECF:

                 _/s/ Michael J. Crow_____
                 OF COUNSEL

W. Pemble Delashmet
Chad C. Marchand
A. Patrick Dungan
DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone: (251) 433-1577
wpd@delmar-law.com
ccm@delmar-law.com
apd@delmar-law.com