IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMMA ALSIP, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 14-0476-CG-N |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

On **August 10, 2015,** a Motion for Summary Judgment (Doc. 67) was filed by **Wal-Mart Stores East, L.P.** Any party opposing the motion must file a response in opposition on or before **August 24, 2015**. The response must conform to the requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and Civil L.R. 7, copies of which are attached. If the moving party deems it necessary to reply, the reply brief must be filed on or before **August 31, 2015.**

The court will take this motion under submission on **September 1, 2015**. Once the motion is taken under submission no further briefs, pleadings or submissions related to the issues raised on summary judgment may be filed unless the proponent obtains leave of court for good cause shown. This motion for summary judgment is being submitted without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later.

**NOTICE TO UNREPRESENTED PARTIES**

If any party is appearing without counsel (*pro se*), they are advised out of a height of caution that the granting of this motion would represent a final adjudication of the matters raised in the motion which may foreclose subsequent litigation on those matters.  *See McBride v. Sharpe*, 25 F.3d 962, 968 (11th Cir. 1994)(*en banc*) *cert. denied*, 513 U.S. 990, 115 S.Ct. 489, 130 L.Ed.2d 401 (1994)("Moreover, when a pro se litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default.")

**EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE:**  The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved.  Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable.  On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue which can be decided only after a trial.  Of course, a motion for summary judgment which is denied may be renewed at a later time if justified by the facts of the case.

A party may move for summary judgment at any time until 30 days after the close of all discovery.  The response of any party opposing the motion shall be filed

within the time periods established herein.  Any party opposing the motion has the right to file sworn affidavits, documentary evidence, other material opposing the motion, and a brief containing any legal arguments contrary to those presented by the party who filed the motion.  The evidence submitted by the party who filed the motion may be accepted as the truth if not so contradicted.

Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

(1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.
(2) They must set forth facts that would be admissible in evidence.
(3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.
(4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits.  Failure to respond to this motion for summary judgment may result in final judgment being rendered in favor of the party who filed the motion, without a full trial.  It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings.  In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by response as provided in the rules.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully

explaining why such affidavits are unavailable and may request the court to consider any difficulty in opposing the motion. If the court should find that any affidavit, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party their reasonable expenses, including attorney fees, incurred because of the bad faith affidavit. In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

      **DONE and ORDERED** this 12th day of August, 2015.

.

                                      /s/ Callie V. S. Granade
                                      UNITED STATES DISTRICT JUDGE

**RULE 56. SUMMARY JUDGMENT**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
**(c) Procedures.**
**(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
**(2) Objection That a Fact Is Not Supported by Admissible Evidence**. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
**(3) Materials Not Cited**. The court need consider only the cited materials, but it may consider other materials in the record.
**(4) Affidavits or Declarations**. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
 **(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.
**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.
**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.
**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

**Civil L.R. 7. Form of Motions and Other Papers**

**(a) Form of Motion. Every motion must state the statute, rule, or legal or equitable principle pursuant to which it is made.**

**(b) Movant's Supporting Materials. Except as ordered by the Court, any motion filed pursuant to Fed. R. Civ. P. 12(b) or 56 must be supported by a brief.  For other motions, supporting briefs are required where necessary to set forth the legal and factual basis for the relief sought. A supporting brief may be included within the body of the motion. Absent Court order otherwise, any brief, exhibit, or other supporting paper must be filed contemporaneously with the motion.  Failure to file a brief in support of a motion under Fed. R. Civ. P.12(b) or 56 is sufficient cause to deny the motion, and failure to file a brief may be sufficient cause to deny any other motion.**

**(c) Non-Movant's Response. Unless the Court orders otherwise, the non-movant must file any brief, exhibit, or other paper in opposition to a motion, except a motion under Fed. R. Civ. P. 56, within fourteen (14) days of service of the motion.  Failure to file a brief in opposition to any motion, other than one under Fed. R. Civ. P. 12(b) or 56, may be sufficient cause to grant the motion.**

**(d) Movant's Reply. Unless the Court orders otherwise, any reply in support of a motion, except a motion under Fed. R. Civ. P. 56, must be filed within seven (7) days of service of the non-movant's response.**

**(e) Length of Briefs. Principal briefs in support of, or in opposition to, any motion must not exceed thirty (30) pages, and reply briefs must not exceed fifteen (15) pages. These limitations exclude any caption, cover page, table of contents, table of authorities, and signature block. No brief exceeding these page limitations may be filed unless the Court has previously granted leave to file a brief in excess of these limits.**

**(f) Citations.  (1) This Court does not prohibit or restrict the citation of unreported or non-precedential opinions, decisions, orders, judgments, or other written dispositions. (2) If a party cites a judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of the document with the brief or other paper in which it is cited.  (3) If pertinent and significant authority comes to a party's notice after the briefs have been filed, but before decision, a party may promptly advise the Court by notice setting forth the citations and stating the reason the authority was not cited in the party's brief. The notice must specifically refer either to a page of the brief(s) already filed or to a point argued orally. The notice may not exceed two (2) pages and must not present a new argument.  No response may be filed unless the presiding Judge so authorizes.**

**(g) Courtesy Copy of Supporting Papers. If a party's exhibits in support of, or in opposition to, a motion exceed fifty (50) pages in the aggregate, that party must submit a courtesy copy to chambers. The courtesy copy must be printed from PACER (i.e., after electronic filing) so that the CM/ECF PDF headers, which contain the case number, docket number, and page number, appear at the top of every page. Additionally, where exhibits are numerous, it is helpful to the Court to receive well-organized, tabbed binders of double-sided copies, along with an index or table of contents.**

**(h) Oral Argument. In its discretion, the Court may rule on any motion without oral argument. Oral argument requests must contain specific reasons why oral argument would be helpful. Unless otherwise ordered by the Court, oral arguments will not exceed thirty (30) minutes, apportioned among the participants as appropriate.**

**(i) Modification of Provisions in Particular Cases. The Court in any case may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.**