IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DUANE ALSIP as Administrator and Personal Representative of the Estate of Emma Alsip,  ) ) ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | CIVIL ACTION NO. 14-476-CG-N |
| ) | |
| WAL-MART STORES EAST, LP and SOVEREIGN COMMERCIAL MAINTENANCE COMPANY, LLC  ) ) ) | |
| ) | |
| Defendants.  ) | |

## ORDER

This matter is before the Court on a motion to re-tax costs by Defendant Wal-Mart Stores East, L.P. ("Defendant"). (Doc. 122). The clerk taxed costs in the amount of $1,114.43 for witness fees, copy costs, and travel costs related to the deposition of Plaintiff's expert. (Doc. 116). Defendant moves to re-tax costs to include costs for depositions and copy costs in the amount of $5,776.32. (Doc. 122). For the reasons set forth herein, the Court finds that Defendant can recover some, but not all, costs associated with deposing the witnesses in this case and can recover the copy costs incurred in this case. Accordingly, Defendant's Motion to Re-Tax Costs is due to be granted in part and denied in part.

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir.

1963)).   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense."  Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997).  "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit."  Id. (citation omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision."  Id. (citation omitted).  Thus, the costs will almost always be less than the total expenses associated with the litigation.  Id. (citation omitted).

The court's power to tax costs is grounded in part in Federal Rule of Civil Procedure 54(d)(1), which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorneys' fees - should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]").  Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

(1)     Fees of the clerk and marshal;

> (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)     Fees and disbursements for printing and witnesses;
>
> (4)     Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)     Docket fees under section 1923 of this title;
>
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs that exceed those permitted by § 1920.  See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Defendant requests certain deposition costs in the amount of $4,908.50 be taxed against Plaintiff for eleven different depositions.  (Doc. 122, pp. 1–2; Doc. 115-1, pp. 1–4).  Plaintiff filed no objection to these costs.  Section 1920(2) authorizes the award of costs for deposition transcripts.  28 U.S.C. § 1920 (2); see Kolesar, 313 F.2d at 837–38 ("Though 1920(2) does not specifically mention a deposition, ... depositions are included by implication in the phrase 'stenographic transcript.'").  Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'"  E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (quoting Newman v. A. E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)).  "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success …."  Ferguson v. Bombardier Serv. Corp., 2007 WL 601921, *3

(M.D. Fla. Feb. 21, 2007).  Taxable deposition costs extend to *per diem* charges, Procaps v. Patheon Inc., 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016), and exhibit copies "produced for the purpose of supplementing the depositions on which the court relied in granting summary judgment," Kidd v. Mando Am. Corp., 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012).

But not all deposition costs are taxable.  "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."  E.E.O.C., 213 F.3d at 620 (citation omitted).  This means that a prevailing party generally cannot recover costs for both ordinary transcripts and condensed transcripts or other duplicate forms of a transcript.  Preis v. Lexington Ins. Co., 2007 WL 3120268, at *4 (S.D. Ala. Oct. 22, 2007) ("such duplication is for the convenience of counsel and is not taxable").  "Similarly, § 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor."  Watson v. Lake City, 492 F. App'x 991, 997 (11th Cir. 2012).  And the added expense of an expedited transcript or a rough transcript is not taxable unless "the transcript is indispensable."  Bumpers v. Austal U.S.A., L.L.C., 2015 WL 6870122, at *5 n.7 (S.D. Ala. Nov. 6, 2015.

Each deposition for which the defendant requests costs be re-taxed was an exhibit submitted to the Court with Defendant's summary judgment motion, which reasonably makes them necessary for use in this case.  The depositions of Quinn Schratz, Billy Wallace, and Russell Kendzior also had exhibits associated with

them.  Some of these exhibits were produced for the Court to decide Defendant's

summary judgment motion, which reasonably makes the exhibits necessary for use

in this case.

Additionally, the deposition of Kendzior has the added cost for the transcript

being expedited.  See (Doc. 122-1, p. 3).  The cost of the expedited transcript was

$1,440.00.  Id.  This brought Kendzior's total transcript copy cost to $3,060.00.

Defendant propounds that this added cost is necessary because Kendzior, Plaintiff's

expert, was not deposed until nine days before Defendant was required to disclose

its rebuttal expert under Federal Rule of Civil Procedure Rule 26(a)(2)(D), although

Defendant offered dates much earlier.  (Doc. 115-1, p. 3).  The Court agrees that the

added cost was necessary.  A copy of Kendzior's transcript was indispensible to

Defendant in determining whether to retain or not retain a rebuttal expert before

the disclosure deadline.  The fact that Defendant sought a seven-day extension to

the disclosure deadline days later does not change the necessity of this additional

cost.  See Barrera v. Weiss & Woolrich Southern, 900 F. Supp. 2d 1328, 1335 (S.D.

Fla. 2012) (finding depositions taken within thirty days of a deadline justify

expedited transcript costs).

A review of the deposition invoices submitted show costs that cannot be

taxed, such as charges for transcript duplicates, travel versions, postage, exhibits

not used in the summary judgment motion, and other non-taxable costs.  But for the

most part, Defendant already reduced the amount requested based on these non-

taxable costs.  Therefore, the cost of the depositions requested by Defendant is taxed

against Plaintiff with the following exceptions:

> (1)    Emma Alsip: $ 368.50, which is the cost of the transcript plus 1/2 day *per diem* less $4.90 in exhibit charges for unused exhibits; and

> (2)    Billy Wallace: $381.95, which is the total amount of the transcript and exhibits.[1]

The total amount of deposition costs to be re-taxed against Plaintiff is $4,906.60.

Photocopying costs are included in § 1920(4). In determining whether to award copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." EEOC, 213 F.3d at 623. Costs associated with producing documents in discovery are taxable. Id. Medical records subpoenaed duces tecum and courtesy copies supplied to the court are also taxable. Crouch v. Teledyne Cont'l Motors, Inc., 2013 WL 203408, at *20, *30 (S.D. Ala. Jan. 17, 2013). Defendant's counsel declares that the copying costs and medical records subpoenaed were "necessarily incurred" for use in this case for discovery or supplied to the Court as a courtesy copy under Local Rule of Civil Procedure 7(g). (Doc. 115-1, pp. 5–6). Plaintiff filed no objection to these costs. The Court finds that the copy and medical records costs totaling $867.82 were necessary and therefore are recoverable.[2]

Given this, Defendant's Motion to Re-Tax (Doc. 122) is **GRANTED** in the amount of **$6,859.99** ($1,114.43 taxed by the clerk and $5,745.56 additional re-taxed

---

[1] Defendant asks for a total of $378.50 for Billy Wallace deposition costs, which does not equal the total of the transcript cost ($356.40) and exhibit cost ($25.55) requested.

[2] This amount includes the $28.86 already taxed by the clerk for copies.

by the Court).  The motion is **DENIED** to the extent that Defendant sought to recoup the costs of the exhibits from Emma Alsip's deposition.

      **DONE and ORDERED** this 31st day of October, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE